UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven Louis Barnes, # 327117, | ) C/A No. 8:09-2616-MBS-BHH |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| United States District Judge Margaret B. Seymour;<br>Magistrate Judge Thomas E. Rogers III; and<br>Magistrate Judge Paige J. Gossett, | ) |
| Respondents. | ) |

## *Background of this Case*

The petitioner is a state prisoner at the Lieber Correctional Institution of the South Carolina Department of Corrections. The respondents in the above-captioned case are a United States District Judge and two United States Magistrate Judges. The petitioner seeks a writ of mandamus against the three respondents because they have, allegedly, not protected his (the petitioner's) rights, have been deliberate indifferently to his hypertension disease, and have failed to appoint counsel for him with respect to two civil actions in this court (Civil Action No. 4:08-0002-MBS-PJG and Civil Action No. 4:08-2197-MBS-TER).

1

*Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. See *Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Since Judge Seymour, Magistrate Judge Rogers, and Magistrate Judge Gossett were acting in their official capacities when they decided the plaintiff's prior cases, they are immune from suit in the above-captioned civil action. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *Stump v. Sparkman*, 435 U.S. 349, 351-64 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). *Accord Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000) (discussing judicial immunity of United States District Judges and United States Circuit Judges). Moreover, since Judge Seymour, Magistrate Judge Rogers, and Magistrate Judge Gossett clearly had jurisdiction over the plaintiff's civil cases under 28 U.S.C.

3

§ 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), it is clear that they did not act "in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 349 U.S. at 356-57, *citing Bradley v. Fisher*, 80 U.S. 335, 351 (1871).[3]

Secondly, the doctrine of judicial immunity extends to requests for injunctive relief. *Gilbert v. Ferry*, 298 F. Supp. 2d 606, 612 (E.D. Mich. 2003) ("The Justices are entitled to the full protection of the immunity doctrine because the requested relief is premised on alleged misconduct stemming from the performance of their judicial duties."), *affirmed*, No. 04-1207, 401 F.3d 411 (6th Cir., March 10, 2005), *affirmed on rehearing*, 413 F.3d 578 (6th Cir., June 24, 2005).[4] Insofar as the petitioner is seeking mandamus relief against Judges of this federal district court, the petitioner has filed his petition in the wrong court. *See In Re Beard*, 811 F.2d 818, 827 & n. 5 (4th Cir. 1987).

Also relevant in the case *sub judice* is statutory law relating to judicial complaints filed against United States Circuit Judges, United States District Judges, and United States Magistrate Judges. A judicial complaint is not the proper mechanism where the subject of

---

[3]Whether a judge's actions were taken while acting in his judicial capacity depends on whether: *(1)* the act complained of constituted a normal judicial function; *(2)* the events occurred in the judge's chambers or in open court; *(3)* the controversy involved a case pending before the judge; and *(4)* the confrontation arose immediately out of a visit to the judge in his judicial capacity. *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id*.

[4]The United States Court of Appeals for the Sixth Circuit granted rehearing because of the Supreme Court's decision in *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, 544 U.S. 280 (2005), which superannuated case law on the *Rooker-Feldman* doctrine. *Gilbert v. Ferry*, 413 F.3d at 579 ("In light of the Supreme Court's decision in *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, ___ U.S. ___, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), we grant the Plaintiffs' petition for rehearing and we vacate section II.A. of our opinion, which relates to the application of the *Rooker/Feldman* doctrine.").

the judicial complaint is, or can be, the subject of an appeal or of objections in a case. *See* 28 U.S.C. § 372(c)(3)(A), which authorizes the Chief Judge of a circuit to dismiss a judicial complaint where it is directly related to the merits of a decision or a procedural ruling. *See In Re Evans*, 801 F.2d 703, 705-708 (4th Cir. 1986); and *In Re Sassower*, 20 F.3d 42 (Judicial Council of 2nd Cir. 1994). *Cf. In Re Beard*, 811 F.3d at 826-27 (petition for a writ of mandamus not a substitute for an appeal); *In Re United Steelworkers of America*, 595 F.2d 958, 960 (4th Cir. 1979); and *Queen v. Leeke*, 457 F. Supp. 476, 479 (D.S.C. 1978).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. Since the respondents are immune from suit, this civil action is encompassed by 28 U.S.C. § 1915A(b)(1). Hence, I also recommend that the above-captioned case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). The petitioner's attention is directed to the Notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

November 10, 2009
Greenville, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).